IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OSCAR ANDREWS ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:08cv803-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court (Doc. No. 1) is federal inmate Oscar Andrews ("Andrews")'s self-styled motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(4).[1] By his motion, Andrews purports to seek relief from this court's July 2003 judgment denying a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that was filed by Andrews in February 2000.[2] For the reasons discussed below, the court concludes that Andrews is not entitled to any relief and that his motion should be denied.

**I.   DISCUSSION**

Andrews contends that, when denying his § 2255 motion in 2003, this court "fail[ed]

---

[1]Although Andrews's motion is date-stamped "received" on October 1, 2008, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, September 30, 2008, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]*See United States v. Andrews*, Case No. 2:94cr62-MHT:  June 12, 2003, recommendation of the magistrate judge (Doc. No. 1627), adopted as judgment of the court by order of July 9, 2003 (Doc. No. 1659).

to adequately address or adjudicate the merits of a claim that was presented within the appropriate Application pursuant to § 2255." (Doc. No. 1 at p. 5.) He cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005), as authority for accepting his designation of the instant motion as one legitimately filed pursuant to Rule 60(b)(4) rather than as a successive § 2255 motion. (Doc. No. 1 at pp. 5-6.) In *Gonzalez*, the Supreme Court held that where a motion designated by the movant as a Rule 60(b) motion either (1) challenges a federal court's previous ruling as to a habeas claim that "precluded a merits determination [of that claim] ... – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," or (2) actually "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is a proper Rule 60(b) motion, and the district court need not obtain the certification from the Court of Appeals that is ordinarily required for a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532 & 532 n.4; *see* 28 U.S.C. § 2244.[3]

Nevertheless, the Supreme Court in *Gonzalez* drew a sharp distinction between motions pointing to an erroneous ruling by the habeas court that precluded a merits determination or asserting some defect in the integrity of the federal habeas proceedings and

---

[3]The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

motions seeking to vacate habeas judgments in order to relitigate or add claims that, at bottom, attack the legality of a petitioner's conviction and sentence. *See id.* at 531-32. Only the former are properly pursued through Rule 60(b); the latter are not.[4] The Court held that a nominal Rule 60(b) motion that "seeks vindication of" or "advances" one or more "claims" should be treated as a successive habeas petition. *Id.* at 531-32. The Court explained, "[a] motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits," *id.* at 532, or present a new claim for relief from a judgment of conviction, *id.* at 531.

Andrews maintains that his Rule 60(b) motion should *not* be treated as a successive § 2255 motion because, he says, it challenges only this court's alleged failure to rule on a claim that was properly presented in his § 2255 motion and does not seek to relitigate or add claims. (Doc. No. 1 at p. 6.) Thus, he suggests that there was a defect in the integrity of the prior federal habeas proceedings, lying not in this court's resolution of the merits of a claim, but in its failure to rule on a claim he says was presented in his § 2255 motion. (*Id.*)

However, Andrews fails entirely to point to – or even suggest – a specific claim that was presented in his § 2255 motion that was *not* addressed by this court in its judgment denying that motion. Moreover, notwithstanding Andrews's cursory assertion, each claim

---

[4]The Supreme Court in *Gonzalez* specifically addressed habeas proceedings challenging state-court convictions under 28 U.S.C. § 2254. However, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. See *El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

presented by Andrews in his § 2255 motion as amended was in fact addressed by this court. The only claim presented by Andrews that was denied solely on a procedural basis was his claim challenging the sufficiency of the evidence to convict him of conspiracy to distribute cocaine and distribution of cocaine.  (*See* June 12, 2003, recommendation of the magistrate judge at pp. 16-17.)  This court correctly ruled that this claim was not subject to review through Andrews's § 2255 motion, because it was raised by Andrews on direct appeal and decided on the merits by the Eleventh Circuit.  (*Id*.; *see United States v. Morrow*, 156 F.3d 185 (11th Cir. 1998) (unpublished table decision).)

      This court can only surmise that Andrews labeled the instant motion as one filed pursuant to Rule 60(b)(4) in an attempt to circumvent the rules governing successive § 2255 motions.  Because Andrews has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court lacks the jurisdiction to reconsider claims decided on the merits in the § 2255 action, *see Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003), and Andrews may not properly present new claims that, at bottom, attack the legality of his conviction and sentence.  *See Gonzalez*, 545 U.S. at 532.  To the extent that Andrews actually challenges this court's judgment denying his § 2255 motion, he is not entitled to any relief under Rule 60(b)(4), because he fails to establish any error in the court's previous ruling precluding a merits determination of a claim presented in the § 2255 motion, much less demonstrate any defect in the integrity of that judgment.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Rule 60(b)(4) motion filed by Andrews on September 30, 2008 (Doc. No. 1), be denied, as Andrews has failed to establish any entitlement to relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before October 16, 2008.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 3rd day of October, 2008.

                                            /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE